Lonnie D. CLARK, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 79–2431

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Lonnie D. Clark, pro se.

Bob D. Slough, Asst. U. S. Atty., Lubbock, Tex., for respondent-appellee.

Before BROWN, Chief Judge, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

JOHN R. BROWN, Chief Judge:

The Appellant, Lonnie D. Clark, was found guilty by a jury of all but three counts of a forty-count indictment for violation of 15 U.S.C.A. § 714m(a) and 18 U.S.C.A. § 2, for making false statements in order to obtain 1973 Upland Cotton Crop payments from the Commodity Credit Corporation. The District Court acquitted the Appellant on all counts except Count 40. A $10,000 fine and a three year prison sentence were imposed. On appeal, this Court affirmed the conviction on Count 40 and reversed the acquittal on the other counts. *United States v. Clark,* 5 Cir., 1977, 546 F.2d 1130. The Appellant was sentenced to two 3 year sentences to run concurrently with the sentence on Count 40. The Appellant, pro se, then sought relief under § 2255, alleging that Thomas Sharpe, the counsel Appellant had retained for the trial, was inadequate, denying him his Sixth Amendment rights.[1] In a memorandum opinion, the District Court, without a hearing, denied the motion. Appellant now appeals pro se and in forma pauperis. We vacate the order of the District Court and remand the case for a hearing on the issue of inadequate counsel.

An evidentiary hearing is not required if the record conclusively shows that the petitioner is not entitled to relief. *Reed v. United States,* 5 Cir., 1976, 529 F.2d 1239, 1240.

Of course, the Sixth Amendment right to counsel is not absolute. A person is entitled to "counsel reasonably likely to render and rendering reasonably effective assistance." *United States v. Gray,* 5 Cir., 1978, 565 F.2d 881, 887. When a defendant retains his own counsel, as opposed to having counsel appointed for him, the test is more stringent. In such cases, there will be a finding of inadequate counsel only if there is a showing

(1) that retained counsel performed so poorly as to render the proceedings fundamentally unfair or (2) that retained counsel's conduct fell short of reasonably effective assistance and some responsible government official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused.

*United States v. Childs,* 5 Cir., 1978, 571 F.2d 315, 316. *See Fitzgerald v. Estelle,* 5 Cir., 1975, *en banc,* 505 F.2d 1334, 1337.

In denying the Appellant's motion without a hearing, the District Court Judge relied on the record, his own recollection of Sharpe's performance at trial and rebuttal affidavits by Sharpe and the Assistant United States Attorney who represented the Government in the prosecution. This evidence indicated that Sharpe was a qualified defense attorney and performed an ad-

---

1. The Appellant alleged that his counsel performed inadequately in the following manners:

(1) Counsel failed to assert the defense that Appellant acted in good faith reliance on alleged assurances by the Government that he was in compliance with Cotton Allotment requirements.

(2) Counsel failed to point out at trial that other participants in this scheme had been acquitted.

(3) Counsel failed to offer witnesses and evidence that would have supported Appellant's acquittal.

(4) Counsel failed to adequately use the voir dire process to Appellant's advantage.

(5) Counsel only met with the Appellant for at most an hour and a half during the entire preparation of his case.

(6) At one point, when the Appellant wanted to dismiss his counsel, Sharpe told the Appellant that he could not be fired because he was the attorney of record.

equate job of representing the Appellant at trial.[2]

■ We do not quarrel with the District Court's finding on the record that Appellant's counsel was adequate. In fact, counsel was so persuasive, the District Court Judge acquitted Appellant on thirty-nine of forty counts. Yet the inquiry must not stop there. The District Court Judge concluded, *from what he observed*, that Sharpe provided adequate representation. This only disposes of the first five of Appellant's allegations, note 1, *supra*, all of which are proven false or irrelevant by the District Judge's observations. However, the Appellant has alleged another shortcoming in Sharpe's representation that the Judge did not have an opportunity to observe. Namely, this is the sixth allegation of note 1, *supra*, that Sharpe misled the Appellant into believing that he could not be dismissed as attorney of record. Sharpe has not attempted to deny these allegations. Moreover, this is a question of fact that could not, in any event, be resolved by affidavit. *Friedman, supra*, at 1015. This allegation is not vague or speculative. *See Friedman, supra*, at 1017; *Gray, supra*, at 887. Conclusions as to this allegation cannot be made on the basis of the motion, files and record alone. The Appellant is entitled to a hearing to determine if it is well founded. *United States v. Guerra*, 5 Cir., 1979, 588 F.2d 519.

For these reasons, we vacate the order of the District Court and remand for an evidentiary hearing on the issue of inadequate representation of counsel with respect to this specific allegation. (See note 1 *supra*, item 6.)

AFFIRMED IN PART and VACATED and REMANDED IN PART.

2. *Friedman v. United States*, 5 Cir., 1979, 588 F.2d 1010, 1015, sets forth the criteria for denying a § 2255 motion without an evidentiary hearing:

(1) Does the record in the case, as supplemented by the Trial Judge's "personal knowledge or recollection," conclusively negate the factual predicates asserted in support of the motion for post-conviction relief?

(2) Would the petitioner be entitled to post-conviction relief as a legal matter if those factual allegations which are not conclusively refuted by the record and matters within the Trial Judge's personal knowledge or recollection are in fact true? (Footnote omitted.)

* Fed.R.App.P. 34(a); 5th Cir. R. 18.