Anthony JOSEPH, Petitioner-Appellant,

v.

Robert H. BUTLER, Sr., Warden, Louisiana State Penitentiary, et al., Respondents-Appellees.

No. 86-3485.

United States Court of Appeals, Fifth Circuit.

March 3, 1988.

---

Anthony Joseph, pro se.

Patricia I. Edwards, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before THORNBERRY, POLITZ, and JOLLY, Circuit Judges.

THORNBERRY, Circuit Judge:

We granted Anthony Joseph a certificate of probable cause to appeal the district court's denial of his petition for habeas corpus. We now affirm.

In 1983, Louisiana charged Joseph with burglary. At the arraignment, Joseph, who was represented by the parish Indigent Defender's Office, pleaded guilty. A presentencing investigation revealed that Joseph had three prior convictions under his own name and an alias. As a result, the state filed a bill of information charging Joseph as a multiple offender under Louisiana law. The prior convictions subjected Joseph to enhanced punishment for the burglary offense. At the sentencing hearing, another lawyer from the Indigent

Defender's Office represented Joseph, and Joseph pleaded guilty to the multiple offender charge. The court sentenced him to seventeen years at hard labor.

After exhausting state remedies, Joseph filed this petition for habeas corpus. The district judge first referred the case to a magistrate for an evidentiary hearing, if necessary, and the submission of proposed findings and recommendations for disposition. Before the magistrate could report, however, the district court reviewed the record and decided that no hearing was warranted. In a written "Order and Reasons," the judge dismissed Joseph's petition.

Joseph's *pro se* appeal raises three issues. First, he alleges ineffective assistance of counsel at the arraignment when he pleaded guilty to the burglary charge. Second, he alleges that his plea of guilty to the multiple offender charge was invalid because the record from state court does not demonstrate that the plea was voluntarily and intelligently made. Third, he alleges ineffective assistance of counsel concerning his plea to the multiple offender charge.

## I.

Joseph complains first that he pleaded guilty based on his counsel's erroneous assurance that there were no prior convictions on his record. With no prior convictions, the court probably would have sentenced Joseph to probation instead of time in prison. Joseph asserts that he told his counsel of the prior convictions, but that his counsel advised him not to reveal the convictions in the hope that the state's presentencing investigation would not discover them. Joseph argues that he would not have pleaded guilty to the substantive offense if his counsel had properly informed him that the prior convictions would be discovered and would cause the judge to sentence him to prison.

The district court found nothing in the record to indicate that Joseph told his counsel of the prior convictions. Also, the court found that Joseph "made no effort to tell the court of his record.... Counsel's ad-vice was based upon the information supplied by the petitioner. [Joseph] cannot now allege that the advice rendered was erroneous." As a result, the court denied relief without a hearing. In our own review of the state trial court record, we cannot say that the federal district court abused its discretion when it denied Joseph a hearing on his claim of ineffective assistance of counsel.

Joseph's allegations concerning his counsel's misbehavior, of course, are not vague or speculative. Instead, like the allegations at issue in *Clark v. United States*, 606 F.2d 550 (5th Cir.1979), they are specific. In *Clark*, this court required an evidentiary hearing to examine the petitioner's allegation that his attorney misled him into believing that the attorney could not be fired as the attorney of record. *Id.* at 552. The court held that "[c]onclusions as to this allegation cannot be made on the basis of the motion, files and record alone. The Appellant is entitled to a hearing to determine if it is well founded." *Id.*

The law is also clear, however, that the district court need not hold an evidentiary hearing when the record from state court is adequate to dispose of the claim. *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. Unit A 1981). *Ross v. Estelle*, 694 F.2d 1008 (5th Cir.1983) (per curiam), is an example of this rule. *Ross* affirmed the district court's denial without a hearing of a habeas petition even though the petitioner had made the specific allegation that his counsel had failed to investigate the testimony of a possible alibi witness. We noted the prejudice resulting from the absence of this kind of testimony. *Id.* at 1011. Nevertheless, we refused to reverse the district court because there was "no basis existing anywhere in the record" for the petitioner's claims about what the witness would have said on the stand. *Id.* We held that "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id.*

As in *Ross,* the record in this case provides no support for Joseph's allegations. During the guilty plea colloquy, the trial judge closely questioned Joseph on his reason for pleading guilty.[1] Joseph told the trial judge that he had received no promises in exchange for the plea, and the trial judge reminded Joseph that the maximum penalty for the offense included twelve years in prison. Furthermore, at the sentencing hearing, when Joseph became aware that the court knew of the prior convictions, Joseph failed to tell the court of his counsel's advice although the court gave him the opportunity to make a statement. These exchanges undermine Joseph's claim that he understood he would receive only probation.

## II.

■ Joseph also alleges that his plea of guilty to the multiple offender charge was not voluntary and intelligent because the state trial court failed to inform him of his right to a trial on that charge, thus violating *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[2] In *Boykin,* the Supreme Court held that a guilty plea necessarily waives several important constitutional rights. As a result, the record must affirmatively establish that the plea was voluntary and intelligent. *Id.* 89 S.Ct. at 1712. *Boykin* concerned a plea to a substantive offense, not a plea to a multiple offender charge used to enhance punishment for the substantive offense.

Joseph argues, however, that *Boykin* should apply by analogy.

Three circuits have agreed with Joseph's position, holding that a multiple offender plea is the functional equivalent of a guilty plea. Government of the *Virgin Islands v. George,* 741 F.2d 643 (3d Cir.1984); *Cox v. Hutto,* 589 F.2d 394 (8th Cir.1979) (per curiam); *Wright v. Craven,* 461 F.2d 1109 (9th Cir.1972) (per curiam). This circuit, however, has twice refused to decide whether *Boykin* supplies the framework for considering challenges to the knowing and voluntary nature of a plea to a multiple offender charge. *Long v. McCotter,* 792 F.2d 1338, 1345–46 (5th Cir.1986); *Neyland v. Blackburn,* 785 F.2d 1283, 1291 (5th Cir.1986). In those two cases, we noted the decisions of the other circuits but we hesitated to adopt their approach, suggesting instead that " 'an approach ... which resolves the validity of such admissions under an effective assistance of counsel analysis rather than under the standards ordinarily applicable to accepting guilty pleas' might be preferable." *Long,* 792 F.2d at 1346 (quoting *Neyland,* 785 F.2d at 1291). In both *Long* and *Neyland,* however, without adopting one standard or the other we disposed of the cases by holding that the "totality of the circumstances" in the record demonstrated that each habeas petitioner was aware of his rights and, therefore, was not denied due process. 792 F.2d at 1346; 785 F.2d at 1291.

1. The relevant part of the colloquy was:
   BY THE COURT:
   Are you entering this plea of your own free will?
   BY THE DEFENDANT:
   Yes, sir.
   BY THE COURT:
   Has anyone promised you anything, threatened you, or coerced you in any manner to get you to enter this plea?
   BY THE DEFENDANT:
   No, sir.
   BY THE COURT:
   Are you entering the plea because you are guilty?
   BY THE DEFENDANT:
   Yes, sir.
   BY THE COURT:
   Are you aware of the fact that the maximum—are you aware of the fact that the

maximum penalty for this offense is a Two Thousand Dollar fine, and/or twelve years with or without hard labor?
   BY THE DEFENDANT:
   Yes, sir.
   BY THE COURT:
   Are you satisfied with the manner in which your attorney has represented you in this case?
   BY THE DEFENDANT:
   Yes, sir.

2. Joseph also claims the trial court failed to follow the procedures required by the Louisiana Habitual Offender Law. La.Rev.Stat.Ann. § 15:529.1(D). This claim is a matter for the Louisiana courts, not the federal courts. *See Neyland v. Blackburn,* 785 F.2d 1283, 1289 (5th Cir.1986).

A subsequent case, *Buckley v. Butler*, 825 F.2d 895 (5th Cir.1987), followed the *Long* and *Neyland* route in refusing to decide whether *Boykin* applies directly to multiple offender proceedings. Unlike in *Long* and *Neyland*, however, in *Buckley* the record did not show that the state court had informed the defendant of any specific rights. Nevertheless, *Buckley* denied the habeas petition, holding that *Boykin* can have only a limited application to multiple offender proceedings. *Id.* at 902–04.

*Buckley* first noted that the multiple bill proceeding at issue in the case was "closely related, temporally and functionally, to the prior trial of the armed robbery count, and the same defense counsel, prosecutor, court, and judge were involved in each." *Id.* at 902. The court then noted that "at sentencing the accused does not have the full panoply of due process and other constitutional protections which attend the determination of guilt or innocence." *Id.* at 902. For example, there is no right to grand jury indictment on the sentencing facts, no right to a petit jury trial on those

facts, and no requirement that the facts be established beyond a reasonable doubt. *Id.* at 903. As a result, of course, *Boykin* "cannot be applied literally" because to do so would require the judge to advise the defendant of rights that he does not possess. *Id.* Finally, the court noted that the defendant in the case admitted his prior convictions in open court and on the advice of counsel. In these circumstances, it was clear to the court that the defendant "knew what he was admitting and intended to admit it," *id.* at 904, and to the extent *Boykin*'s requirements were applicable, they were satisfied.

This case is like *Buckley*. There is no indication that the judge directly informed Joseph of his rights at the multiple offender proceeding. From the record, we know only that the presentencing investigation had disclosed Joseph's prior convictions, that the state filed a "multiple bill" against Joseph, that Joseph's attorney entered a plea of guilty to the multiple bill, and that the trial judge questioned Joseph personally about the convictions.[3] The judge did

3. The relevant part of the colloquy at the sentencing hearing was:

BY MR. BIGELOW [Assistant District Attorney]:

At this time, Your Honor, the state will file a multiple bill in this matter.

BY THE COURT:

Very well, sir, what is your plea to the multiple offender bill?

BY MR. SWAYNGIM [Joseph's attorney]:

Your Honor, may I approach the bench?

BY THE COURT:

Yes, sir.

REPORTER'S NOTE: A conference ensued at the bench.

BY MR. SWAYNGIM:

Your Honor, at this time, the defendant will enter a plea of guilty to the multiple bill.

BY THE COURT:

All right, Anthony Joseph, stand up straight, and answer into the microphone.

You are also known as Milton Algera, is that correct?

BY ANTHONY JOSEPH:

Yes, sir.

BY THE COURT:

All right. It's alleged in this bill of information, and you are therefore, admitting it by pleading guilty, that you pleaded guilty to the crime of simple burglary in Case No. 297–950, Section "B", on the 6th day of September, 1983. Is that correct?

BY ANTHONY JOSEPH:

Yes, sir.

BY THE COURT:

It is also alleged in here, that in Case No. 279–404, Section "H" of the docket of this Court, you pled guilty to theft of Four Hundred and Thirty Dollars, which is a felony under the laws of this State, and that you were sentenced to serve eight months in the Parish Prison. Is that correct?

BY ANTHONY JOSEPH:

Yes, sir.

BY THE COURT:

All right. It's also alleged in here, that you Anthony Joseph, aka, Milton Algera, was charged in Case No. 196–501, Section "C" of the docket of this Court, with the crime of armed robbery, and that you were sentenced to serve twenty years in the Louisiana State Penitentiary. Is that correct?

BY ANTHONY JOSEPH:

Yes, sir.

BY THE COURT:

It also alleges that you are one and the same person, who committed the above enumerated offenses. Is that correct?

BY ANTHONY JOSEPH:

Yes, sir.

BY THE COURT:

That you're one and the same person, who committed all of these offenses, right?

BY ANTHONY JOSEPH:

Yes, sir.

. . . .

not tell Joseph that he had a right to trial on the sentencing facts or that he had the right to remain silent. In addition, the judge did not ask Joseph whether his plea was entered voluntarily and not as a result of coercion.

Despite the omissions in the record, however, we do know that Joseph was represented by counsel and that, on the advice of counsel, he pleaded guilty to the multiple offender charge. We also know that the sentencing hearing was conducted a short time after the original guilty plea to the substantive offense, and in the same court and before the same judge. Also, the same prosecutors represented the state, and lawyers from the same Indigent Defender's Office represented Joseph.[4] Furthermore, as in *Buckley* the admissions at issue here were not general guilty pleas but admissions to direct, fact-specific questions, answered with the advice of counsel. Therefore, we hold that to the extent *Boykin*'s requirements are applicable to multiple offender proceedings, the record in this case satisfies the requirements.

### III.

■ Joseph's last claim is that his counsel's advice concerning the multiple bill proceeding was constitutionally ineffective, rendering his plea not voluntary and intelligent. The two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) governs such claims. To obtain relief under that test, a defendant must demonstrate first that his counsel's performance was deficient, and second that his counsel's deficient performance prejudiced the defense. *Id.* 104 S.Ct. at 2064.

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court considered an ineffective assistance of counsel challenge in the context of a guilty plea. The Court first held that *Strickland v. Washington* applied to such challenges. *Id.* 106 S.Ct. at 370. The Court also held that, in order to satisfy the second, or "prejudice," part of the test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

■ Although *Hill v. Lockhart* concerned a defendant who challenged his guilty plea to the substantive offense, we think it applies also to challenges such as Joseph's to a guilty plea to a multiple offender charge. As a result, it is Joseph's burden to demonstrate a reasonable probability that, but for counsel's errors, he would not have admitted his prior convictions and would have demanded a trial on the multiple offender charge.

■ We think Joseph has not met this burden. Joseph did allege in his petition that, but for counsel's advice, he would have demanded a trial on the multiple offender charge. But Joseph's mere allegations are obviously insufficient to reach the threshold of "reasonable probability." Although Joseph does allege certain technical defects in the state's bill of information, which presented the court with additional evidence of the prior convictions, he does not challenge the validity of the convictions or the fact that he was the same person convicted in each prior case. As we noted in *Buckley v. Butler,* 825 F.2d 895, 904 (5th Cir.1987), prior convictions are facts "of the kind that generally can be clearly proved with relative ease [even] absent admission." As a result, Joseph has failed to raise a reasonable probability that, but for his counsel's errors, he would have pleaded not guilty and demanded a trial on the multiple offender charge.

BY THE COURT:
   Do you have anything to say before the imposition of sentence?
BY ANTHONY JOSEPH:
   No, sir.
[The court then imposed a prison sentence of seventeen years at hard labor.]

**4.** Joseph notes that the lawyer who represented him at the sentencing hearing, James E. Swayn-gim, was listed on the transcript as an Assistant District Attorney. The district court held that this notation was a typographical error, ruling that the record as a whole clearly demonstrated that Swayngim was a lawyer from the parish Indigent Defender's Office. We find no error in this determination.

## IV.

For the above reasons, we think the district court properly dismissed Joseph's petition. Its decision is therefore

AFFIRMED.