993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael Lee TUCKER, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Superintendent, Respondent-Appellant.
 No. 92-2723.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided April 30, 1993.
Rehearing Denied Aug. 12, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Michael Lee Tucker sought a writ of habeas corpus, challenging a Ohio conviction that was used to enhance by 30 years a 10-year sentence for robbery that he received in Indiana. The district court denied his application, and Tucker appeals.
 
 I.
 
 2
 Tucker is currently serving a 40-year sentence in the Indiana Reformatory. This sentence is based on a guilty plea to a charge of robbery and his admission to being an habitual offender. (Tucker also received an additional 5-year sentence for escape, which is not involved here). Tucker has an extensive criminal history, and it is this history that leads to the present appeal.
 
 
 3
 Tucker's habitual offender sentence was based on five prior felony convictions. In 1974, Tucker entered a plea of guilty in the Ohio Court of Common Pleas, Darke County, to a charge of forgery ("the Ohio conviction"). In 1978, Tucker was convicted of two federal crimes: interstate transport of a stolen credit card and interstate transport of a stolen motor vehicle ("the federal convictions"). In 1980, he was twice convicted in Randolph Circuit Court in Indiana, each time for theft of an automobile ("the Indiana convictions") (1 Record of Proceedings ("R.O.P.") 155-56). As a result of a later post-conviction proceeding, the two Indiana convictions from 1980 were vacated. Pet.App. 3-4.
 
 
 4
 In 1982, Tucker was extradited to Indiana from Ohio. He was wanted in connection with a 1981 robbery in Indiana. Judge Zane Stohler appointed Richard English as counsel for Tucker. In addition to the robbery charge, Tucker was charged with being an habitual offender, based on the five prior convictions discussed above. After a temporary escape, Tucker was charged with escape, attempted kidnapping, and a second habitual offender count. On the advice of his attorney, Tucker agreed to plead guilty to the robbery and escape charges and to admit his status as an habitual offender. The state agreed to dismiss the attempted kidnapping charge and the second habitual offender charge (1 R.O.P. 115).
 
 
 5
 At a hearing on July 26, 1983, Judge Stohler accepted Tucker's guilty plea to the robbery charge. Judge Stohler advised Tucker that if he pleaded guilty to the habitual offender allegations, he could get an additional 30 years on top of what he would otherwise get (1 R.O.P. 155). Based on Tucker's explicit admissions that he had committed the five prior crimes listed in the habitual offender charge, Judge Stohler sentenced Tucker to 15 years' imprisonment for the robbery and to 30 years for being an habitual offender for a total of 45 years (1 R.O.P. 155-57, 224).
 
 
 6
 Tucker sought post-conviction relief in the Randolph Circuit Court from his sentence as an habitual offender. He argued that his plea had not been voluntary and intelligent (2 R.O.P. 231-49). He claimed that he had not been informed of the nature of the charges against him nor of the consequences of the plea. He further contended that he had not received effective representation during the plea proceedings. The court reduced the sentence for the robbery by 5 years (for reasons not relevant here) but otherwise left the sentence intact (2 R.O.P. 299-305). The Indiana Court of Appeals affirmed. Tucker v. State, No. 68A01-8601-PC-12, slip op. at 11 (Ind.App. Sept. 18, 1986). The Indiana Supreme Court denied transfer.
 
 
 7
 On February 12, 1992, Tucker filed a petition for a writ of habeas corpus in the Southern District of Indiana in which he challenged the Ohio conviction used to establish his status as an habitual offender. He raised a multitude of issues. The district court ordered the state to show cause why the petition should not be granted. The court also ordered that the issue be limited to whether the Ohio conviction had unlawfully contributed to the enhancement of Tucker's sentence under Indiana's habitual offender statute. The state responded, and Tucker filed a traverse to the state's response.
 
 
 8
 The district court denied Tucker's petition on June 25, 1992. The court acknowledged that Tucker's two prior Indiana convictions had been vacated, leaving only three valid prior convictions. The court reasoned, however, that any error in the Ohio conviction was harmless surplusage because the Indiana habitual offender statute required only two prior unrelated felonies. As to Tucker's argument that the two federal convictions were not unrelated, the court reasoned that Tucker's guilty plea to the habitual offender charge constituted a waiver of his right to challenge the validity of the prior convictions. Although Tucker argued that his guilty plea to the habitual offender charge was not voluntarily and intelligently given, the court noted that this claim was arguably pending in a second post-conviction action in Indiana. The court concluded that if he exhausted his state remedies with respect to the question of whether his guilty plea had been voluntary and intelligent, he could file a new petition. After the district court denied Tucker a certificate of probable cause to appeal, he applied to and received permission from this court to appeal. 28 U.S.C. § 2253.
 
 II.
 
 9
 The State of Indiana argues that the district court had no jurisdiction to consider Tucker's petition because there was no "nexus" between the Ohio conviction and his enhancement under the habitual offender statute. The state argues that even after the two Indiana convictions were vacated, this left three prior unrelated convictions when only two were required. Thus, according to the state, there was no " 'positive and demonstrable nexus between the current custody and the prior conviction.' " Lowery v. Young, 887 F.2d 1309, 1312 (7th Cir.1989) (quoting Young v. Lynaugh, 821 F.2d 1133, 1137 (5th Cir.), cert. denied, 484 U.S. 986 (1987)). We disagree. Judge Stohler, who sentenced Tucker as an habitual offender, took the Ohio conviction into account when he sentenced Tucker as an habitual offender (1 R.O.P. 218-24). This satisfies the nexus requirement. See, e.g., id. (finding nexus between challenged convictions and custody despite existence of ten additional prior felonies when only one prior felony was required to establish habitual offender status).
 
 
 10
 The state also argues that the presence of at least two other supporting convictions renders harmless any defect in the Ohio conviction. Because the two Indiana convictions were vacated, the only two other convictions available to support the habitual offender charge are the two federal convictions. Tucker argues that the two federal convictions cannot support his habitual offender enhancement because they are not "unrelated" as defined by the Indiana habitual offender statute. This is a claim that the enhancement violates Indiana law, not federal law. Generally, such claims are not cognizable on federal habeas review. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Reed v. Clark, 984 F.2d 209, 210 (7th Cir.1993). Tucker's claim, however, amounts to a challenge to the sufficiency of the evidence to find him an habitual offender. This type of claim is cognizable. Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir.1984), cert. denied, 469 U.S. 1229 (1985).
 
 
 11
 The state argues that we cannot reach this claim because Tucker waived it by pleading guilty to the habitual offender charge. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (guilty plea waives constitutional deprivations occurring prior to the plea); Cates v. Superintendent, Indiana Youth Center, 981 F.2d 949, 956 (7th Cir.1992) (same); Johnson v. Puckett, 930 F.2d 445, 449-50 (5th Cir.) (pleading guilty to habitual offender charge waives challenges to validity of underlying charges), cert. denied, 112 S.Ct. 252 (1991). Tucker counters that there was no waiver because his guilty plea was not voluntary and intelligent because he was denied effective assistance of counsel.[1] Of course, if true, this would invalidate the sentence enhancement. See Joseph v. Butler, 838 F.2d 786, 791 (5th Cir.1988). The state objects to Tucker's even raising the issue of the effectiveness of counsel. First, the state points out that Tucker did not raise this issue in his petition. This is true, but he asserted it in his traverse to the state's response to his petition, in which the state had argued the waiver issue. We do not believe that he was foreclosed from responding to the state's waiver argument. Cf. Lowery, 887 F.2d at 1311-12 (allowing petitioner to make claim on appeal that was first raised in traverse in response to state's argument). Next, the state argues that Tucker has not exhausted his state remedies with respect to the ineffective assistance of counsel claim. The state notes that Tucker has a second post-conviction petition pending in the Indiana state courts.[2] Tucker responds that he has raised the claim of ineffective assistance of counsel in his first post-conviction petition and should not be required to do so a second time.
 
 
 12
 A claim has been exhausted in state court "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." Wallace v. Duckworth, 778 F.2d 1215, 1219 (7th Cir.1985) (per curiam). In this case, Tucker presented his claim of ineffective assistance of counsel (in connection with his plea to the habitual offender charge) first to the Randolph Circuit Court in a petition for post-conviction relief (2 R.O.P. 231) and then to the Indiana Court of Appeals, Tucker v. State, supra. The Indiana Supreme Court denied transfer. The exhaustion requirement is satisfied even if the state's highest court did not actually rule on the issue, as long as the court had a fair opportunity to do so. Wallace, 778 F.2d at 1223. Thus, Tucker has satisfied the exhaustion requirement, and we proceed to examine his claim that he received ineffective assistance of counsel when he pled guilty to the habitual offender charge.
 
 
 13
 Tucker claims that his counsel, Richard English, provided ineffective assistance in that he failed to challenge the adequacy of the prior felony convictions used to sentence him as a habitual offender. Specifically, he claims that English (1) failed to challenge the two Indiana convictions as unrelated even though the charging documents indicated that he was sentenced for the two crimes on the same date, and (2) made the same error with respect to the two federal convictions.
 
 
 14
 Strickland v. Washington, 466 U.S. 668 (1984), and its progeny set forth the general standard for considering a claim of ineffective assistance of counsel in the context of a guilty plea as well. Hill v. Lockhart, 474 U.S. 52 (1985). We see no reason why the same standard should not apply to a guilty plea to an habitual offender charge. See Joseph, 838 F.2d at 791. Under Strickland, the defendant must show deficient performance on the part of counsel and prejudice. 466 U.S. at 687. More specifically, the defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," id. at 687-88, and (2) "counsel's performance prejudiced the defendant such that it rendered the proceeding fundamentally unfair or the result unreliable," Hollenback v. United States, No. 92-2439, at * 2, 60397, 1993 WL 1993 U.S. App. LEXIS 4253, at * 7 (7th Cir. Mar. 8, 1993) (citing Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993)).
 
 
 15
 Assuming English erred by not challenging the relatedness of the two Indiana convictions and the two federal convictions, Tucker fails to show how he was prejudiced by these errors. Even if we ignore completely the two Indiana convictions and assume that only one of the federal convictions can be used to support the enhancement, this leaves the other federal conviction and the Ohio conviction. Tucker has not argued that English rendered ineffective assistance by failing to challenge the validity of the Ohio conviction. This leaves two prior felony convictions, which is all that is necessary to support the enhancement.
 
 
 16
 Tucker maintains, however, that English was ineffective because he failed to argue the Ohio conviction and the federal convictions were related. Yet in light of the decision of the Indiana Court of Appeals in Tucker's post-conviction petition, we must reject any suggestion that the Ohio conviction and the federal convictions were related as defined by Indiana law. The Indiana habitual offender statute provides in relevant part:
 
 
 17
 After a person has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, the person has accumulated two (2) prior unrelated felony convictions.
 
 
 18
 Ind. Code 35-50-2-8(b). In Tucker's appeal of the denial of his first post-conviction petition, he argued that the record was devoid of evidence as to when the crimes resulting in the Ohio conviction and the federal convictions were committed and that, without such evidence, "it is impossible to determine whether the [Ohio conviction] and federal convictions are truly unrelated to each other." Brief of Petitioner-Appellant at 44 (No. 68A01-8601-PC-12). Examining the transcript of the guilty plea, the Indiana Court of Appeals found there was adequate evidence that Tucker committed the federal offenses after he was sentenced in the Ohio forgery case. Tucker, supra, slip op. at 8-9. The court's factual findings are presumed correct, see 28 U.S.C. § 2254(d), and we adhere to this presumption because the record fairly supports the findings (1 R.O.P. 120-21, 221-22). Based on these facts, there was sufficient evidence to conclude that the Ohio conviction and the federal convictions were unrelated under Indiana law. See Jordan v. State, 510 N.E.2d 655, 659-60 (Ind.1987).
 
 
 19
 Because the Ohio and federal convictions were prior unrelated felony convictions, Tucker has failed to demonstrate any fundamental unfairness of unreliability in the habitual offender proceedings arising from the alleged errors of his attorney. Therefore, we cannot conclude that Tucker received ineffective assistance of counsel in connection with his guilty plea to the habitual offender charge. On the contrary, we conclude that Tucker's guilty plea was valid and operated to waive his objections to the constitutionality of the prior convictions. Cates, 981 F.2d at 956. Thus, we need not address Tucker's other claims of error.
 
 III.
 
 20
 The judgment of the district court dismissing Tucker's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Tucker also argues for the first time in his reply brief that he was not informed that, by pleading guilty to the habitual offender charge, he would be waiving important constitutional rights. Reply Br. 15. Despite the fact that the district court determined that he waived his rights by his plea of guilty, Tucker waited until his reply brief to raise this argument. It is therefore waived. See Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992)
 
 
 [2]
 Tucker filed a "Motion to Inform the Court of Additional Information" in which he claimed that the second post-conviction petition was no longer pending. We denied the motion because it was an attempt to supplement the record, which must first be presented to the district court. Circuit Rule 10(b). To this date, the record has not been supplemented to reflect this supposed development