IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30115

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER GARLITZ WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(CR-93-20046 & 95-CV-1893)

_____

November 11, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Walter Garlitz Wright appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. He makes two arguments. First, he asserts that the government breached the terms of its plea agreement. Second, he asserts that his attorney provided ineffective assistance in connection with the plea. We find neither argument convincing and affirm the district court's disposition.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We can find no basis for Wright's argument that the government failed to carry out the terms of the plea agreement. Wright pled guilty to possession with intent to distribute 31 kilograms of marijuana. In exchange, the government dropped all other charges and promised to ask the court to credit Wright with acceptance of responsibility and to impose a sentence at the bottom of the guideline range. The government objected to the initial presentence report and argued that Wright had been involved in approximately 1,000 kilograms of marijuana rather than merely 31 kilograms. The probation officer agreed and amended the pre-sentence report. Even after a three-point reduction for acceptance of responsibility, the resulting guidelines range was in excess of the 60-month maximum statutory sentence. On the basis of the report, the court sentenced Wright to 60 months in prison.

The court acted properly in looking to "relevant conduct" in calculating the base offense level. See United States v. Vital, 68 F.3d 114, 117-18 (5th Cir. 1995). Although Wright may not have understood sentencing principles when he entered the plea agreement, the government did not promise that the guidelines range would be based on 31 kilograms. On the contrary, the plea agreement specifically stated that

> the United States Government will be permitted to bring to the Court's attention for its consideration, all relevant information with respect to the defendant's background, character and conduct . . . , including the conduct that is the subject of the charges the United States Government has agreed to dismiss . . . .

2

The agreement went on to recite that "Defendant acknowledges and understands that the maximum penalty on Count IV is confinement up to five (5) years . . . ." The government was well within the terms of the agreement when it brought Wright's relevant conduct to the court's attention. Wright did in fact receive credit for acceptance of responsibility. And the government's promise to recommend a sentence at the low end of the guidelines range was moot because the court had no choice but to impose the 60-month maximum sentence.

Wright claims that he misunderstood the plea agreement because his attorney was not aware that the sentence would be based on more than the 31 kilograms at issue in count four. Even if this is true, it does not amount to ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). Wright could have received a 24-month sentence under his understanding of the plea agreement. Considering the gravity of the charges against him, we cannot say that Wright would have declined to plead guilty and insisted on going to trial if his attorney had told him that he would receive 60 months in prison on count four. See Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988).

AFFIRMED.