**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60077
Summary Calendar

RAY ALEXANDER GILBERT,

Petitioner-Appellant,

VERSUS

JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:93-CV-525-LN)

May 15, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ray Alexander Gilbert, Mississippi state prisoner # 69516, appeals the dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. Gilbert argues that his counsel rendered ineffective assistance by failing to raise a speedy-trial defense on his behalf. He further alleges that, as a result of this

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

failure, his guilty plea was not knowing and voluntary.

A valid guilty plea waives all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntary nature of the plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). If a defendant enters a guilty plea on the advice of counsel, whether the plea was voluntary and knowing turns on whether the advice rendered was within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56 (1985). To prove ineffective assistance of counsel, the defendant must prove that his counsel's performance was both deficient and prejudicial to him. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the defendant must show that, but for his counsel's errors, he would not have pleaded guilty and would have insisted upon going to trial. Hill, 474 U.S. at 57-58; Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988).

The record shows that Gilbert was facing a life sentence for murder, a 20-year sentence for parole violations, and a 30-year sentence for possession of cocaine. Gilbert's counsel testified that he thought the proposed plea agreement was a good deal. He further indicated that, in his judgment, a speedy trial defense was unlikely to succeed and would only jeopardize the proposed plea agreement. Counsel's advice that Gilbert accept the proposed plea agreement was a strategic choice that was within

2

counsel's professional judgment.  "Strategic choices made after thorough investigation of facts and law are virtually unchallengeable".  <u>Black v. Collins</u>, 962 F.2d 394, 401 (5th Cir. 1992).  Gilbert has shown neither deficiency nor prejudice as required by <u>Strickland</u>.  The district court's dismissal of Gilbert's petition for habeas corpus is **AFFIRMED**.

Finally, the interests of justice do not require appointment of counsel for Gilbert.  <u>See</u> <u>Schwander v. Blackburn</u>, 750 F.2d 494, 502 (5th Cir. 1985).  Accordingly, the motion for appointment of counsel is **DENIED**.