IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50522
Summary Calendar
_____

CARLOS BERNARD NEWTON,

                                        Petitioner-Appellant,

versus

TIM WEST, Asst. Warden; STATE OF TEXAS; GARY L.
JOHNSON, DIR., TEXAS DEP'T OF CRIM. JUSTICE, INST'L DIV.,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-95-CV-278
- - - - - - - - - - -
March 13, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Carlos Bernard Newton (#664876), a state prisoner, has appealed the district court's judgment dismissing his petition for a writ of habeas corpus raising several ineffective-assistance-of-counsel claims. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Newton contends that his attorney met with him only once prior to the trial. The state habeas court found otherwise, and its findings of fact are presumptively correct. See Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Newton contends that his attorney erred in failing to subpoena and call his codefendants as witnesses. The state habeas court's finding that Newton's attorney had determined that the codefendants would not offer favorable testimony is presumptively correct. Id. at 432. Newton contends that an "affidavit" signed by codefendant Hernandez proves that Hernandez would have "cleared" Newton if he had been subpoenaed to testify and that Newton had never possessed drugs or drug paraphernalia. Hernandez' statement, if true, does not establish that counsel was professionally unreasonable in relying on the representations of Hernandez' attorney regarding the favorability of Hernandez' testimony. See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). A hearing was not required because the record before the court was adequate for disposition of the case. Joseph v. Butler, 838 F.2d 786, 788 (5th Cir. 1988).

Newton contends that his attorney failed to seek pretrial discovery and suppression of illegally obtained evidence. These claims are not supported by the record.

Newton has failed to show that he was prejudiced by his attorney's failure to lodge an objection under Batson v. Kentucky, 476 U.S. 79 (1986).

Because Newton admitted, during the guilt/innocence phase of the trial, that the facts underlying the enhancement counts of the indictment were true, Newton cannot show that his attorney

was professionally unreasonable in advising Newton to plead true to those counts during the penalty phase of the trial.

Newton contends that counsel failed to subpoena alibi witnesses and failed to move for a new trial. Newton did not have an alibi defense, and his attorney did move for a new trial.

Newton contends that his attorney was ineffective in failing to prove his innocence through the use of blood and DNA testing of a syringe. Limitations on counsel's investigation are reasonable to the extent that reasonable professional judgement supported such limitations. Black, 962 F.2d at 401. The arresting officer testified that he saw Newton injecting himself with narcotics. There was no reason to believe that Newton's blood and DNA would not be found in the syringe and their absence would not necessarily exculpate Newton. This argument fails both prongs of the Strickland test.

Newton raises a variety of issues for the first time in his reply brief, including his contention that the arresting officer was motivated against him by racial animus and that evidence regarding the actions of another officer was not disclosed to the defense, in violation of the rule in Brady v. Maryland, 373 U.S. 83 (1963). Because these issues are raised for the first time in Newton's reply brief, we do not consider them. Knighten v. Commissioner, 702 F.2d 59, 60 & n. 1 (5th Cir. 1983).

Newton contends in passing that the district court erred in failing to appoint counsel. Other than to argue that his case is

complex, Newton does not suggest why the interests of justice would have been served by appointment of counsel.  <u>See</u> <u>Schwander v. Blackburn</u>, 750 F.2d 494, 502 (5th Cir. 1985).

The district court's judgment is AFFIRMED.