# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2011

No. 10-50441
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM M. SCHULTZ,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-674

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William M. Schultz, former Texas prisoner # 1408497 who is currently on parole, appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for assault of a family member (second offense). The district court granted a certificate of appealability (COA) on the issue whether Schultz's constitutional rights were violated when he accepted a sentencing agreement based upon the State's agreement not to prosecute him for two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses, one of which was barred by the applicable statute of limitations. Schultz asserts that, due to the State's misrepresentations, he did not enter into this agreement knowingly and voluntarily.

The district court did not err in denying habeas relief on this claim. The totality of the circumstances in the record establish that the Schultz was aware of the consequences of entering the agreement and that he received a benefit by entering the agreement. *See Joseph v. Butler*, 838 F.2d 786, 789-91 (5th Cir. 1988); *see also Blanco v. Texas*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). Although the parties mistakenly believed at the time of the sentencing agreement that Schultz could be prosecuted for 2003 assault of his wife which was later determined to be time barred, the State did not intentionally mislead Schultz or breach the agreement not to prosecute Schultz. At the time of the sentencing agreement, Schultz could have been prosecuted for the injury to a child offense, which had a five-year statute of limitations, and he could have been sentenced as an habitual offender due to his prior felony convictions. Although it is not possible to determine exactly what his sentence as an habitual offender would have been, under Texas law, an habitual offender with two prior felony convictions may be sentenced to life imprisonment or a term of 25 to 99 years of imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d). The purpose of the sentencing agreement was to reduce Schultz's sentencing exposure; the agreement fulfilled that purpose; Schultz received a ten-year sentence in accordance with the sentencing agreement; and the State did not prosecute him for the injury to a child offense. *See Joseph*, 838 F.3d at 789-91; *Blanco*, 18 S.W.3d at 219-20. Thus, the fact that the assault offense was time barred did not defeat the primary purpose of the agreement. *See Joseph*, 838 F.3d at 789-91; *Blanco*, 18 S.W.3d at 219-20. Because the state habeas court's decision was not contrary to federal law as established by the Supreme Court or objectively unreasonable, the district court did not err in denying habeas relief on this claim. *See Williams v. Taylor*, 529 U.S. 362, 409-11 (2000).

No. 10-50441

Schultz also contends that his trial counsel was ineffective in that he failed to investigate and discover that the assault charge was time barred before advising him to accept the sentencing agreement. Given that Schultz faced being prosecuted for injury to a child, being later sentenced as an habitual offender, and being ordered to serve any sentence for that offense consecutively to the sentence for instant assault offense, he has not shown that there is a reasonable probability that, but for counsel's error, he would have rejected the sentencing agreement. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Joseph*, 838 F.2d at 789-91. Because the state habeas court's decision was not contrary to federal law as established by the Supreme Court or objectively unreasonable, the district court did not err in denying habeas relief on this claim. *Williams*, 529 U.S. at 409-11.

AFFIRMED.