Leon ROSS, Jr., Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 82–1066
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1983.

Rehearing Denied March 4, 1983.

---

Leon Ross, Jr., pro se.

Joe Foy, Jr., Austin, Tex., for respondent-appellee.

Before BROWN, RUBIN and REAV-LEY, Circuit Judges.

PER CURIAM:

Appellant, Leon Ross, Jr., appeals denial of his writ of habeas corpus.[1] After making an independent review, the District Court, adopting the findings of fact and conclusions of law of a magistrate, found that appellant suffered no constitutional error in his state trial proceeding which would necessitate the granting of the Great Writ in this case. We affirm.

The facts are relatively simple. Appellant was charged with the aggravated robbery of Cynthia Mathis in Dallas, Texas on April 24, 1977. The evidence discloses that she left her job, a barbecue restaurant, at the close of the business day, carrying approximately $1,000 in cash in her purse. She stopped at a convenience store near her apartment where she noticed the appellant standing behind her in the line. After leaving the convenience store and making a pit stop at a gasoline station for cigarettes, she went home to her apartment. She parked her car. Before leaving the automobile, she removed a .22 caliber pistol from her purse. When she got out of the car she was accosted by an individual brandishing a large knife who demanded her purse. She fired five times. Her assailant fled, possibly wounded. No money was taken. She notified police officers and when they arrived she described her assailant and indicated to them that she thought that she may have wounded him in the leg. The police notified the area hospital emergency rooms to be on the lookout for a person who might come in seeking treatment for a bullet wound in his leg. The appellant was later apprehended as the suspect in the robbery after he appeared at the Parkland Hospital in Dallas seeking treatment for a bullet wound in the leg. Mathis later identified him as her assailant.

In 1977, a Dallas County jury convicted Ross of aggravated robbery enhanced by one prior conviction. In conformity with his election, the jury assessed punishment of 99 years' imprisonment. His conviction was affirmed on appeal. *Ross v. State,* 598 S.W.2d 885 (Tex.Cr.App.1980) (Per Curiam).

Ross then brought this habeas action in the United States District Court. He asserts two grounds for habeas relief. First, he contends that he was denied both due process and his Sixth Amendment right to compulsory process when the state trial judge refused to subpoena certain witnesses in his behalf. Second, he claims ineffective assistance of counsel at trial. A United States Magistrate considered each of these claims and found that the appellant was entitled to relief on neither ground. The District Court agreed with the Magistrate's conclusions and accepted his recommendation to deny the writ. Appellant appealed.

■ Ross submitted a list of fourteen names to the state trial court. Upon Ross' representation, these persons would testify in his behalf at trial. Ross claimed that these witnesses would testify to the effect that he received an accidental gunshot wound in his leg on May 1, 1977, fully one week after the alleged aggravated robbery occurred. Thus, if the jury credited their testimony he would be absolved of any guilt. Six witnesses did so testify. Three had unknown addresses as recorded by Ross. The trial judge refused to subpoena the others because their trial testimony would have been merely cumulative. Under circumstances such as these, no error rising to a constitutional dimension occurred, and because the testimony would have been largely cumulative, Ross was not prejudiced thereby.

■ Hence, the trial judge's legitimate refusal to issue compulsory process does not constitute a denial of Ross' Sixth Amendment right. A criminal defendant's right to compulsory process for witnesses is not absolute. It is not inviolate. *Passman v. Blackburn,* 652 F.2d 559, 566 (5th Cir.1981); *Hoskins v. Wainwright,* 440 F.2d 69, 71 (5th Cir.1981). Contrary to Ross' assertion that the Constitution gives an accused "the right to call as many witnesses as he so desires", the Sixth Amendment tenders no such right. Here, the trial judge properly assessed the need for more witnesses to testi-

---

1. 28 U.S.C. § 2254.

fy corroborating Ross' version of how the gunshot wound was inflicted. He concluded that six was enough and his conclusion was not in error.

■ We do not mean to suggest that a trial court is free to disregard the clear command of the Sixth Amendment regarding compulsory process. A criminal defendant, especially if he is indigent, must be given an opportunity to put on a competent and vigorous defense when he is on trial for his life or liberty. We hold only that a defendant is not entitled to an unlimited number of witnesses to testify in his behalf, lest our criminal justice system grind to a complete halt. He is entitled to have compulsory process served only on as many witnesses as will assist him in receiving a fair trial under the circumstances of his case. And he must demonstrate to the Court that there is "some colorable need for the [witnesses] to be summoned." *Hoskins,* 440 F.2d at 71. The need for this simple and common sense requirement should be obvious to all. Were it otherwise, frivolous and annoying requests would make the trial endless and unduly burdensome on the Court and all officers thereof.

■ Ross' second ground for habeas relief is ineffective assistance of counsel. He points to three bases for this claim. First, he claims to have received ineffective assistance because his trial counsel failed to

have the Court subpoena the same five witnesses discussed above. This claim is without merit. Because their testimony would have been largely cumulative as the trial court indicated, counsel's failure to do this rises neither to constitutional nor professional error.

■ Second, Ross claims that his trial lawyer rendered ineffective assistance because he failed to investigate and interview key witnesses. One such key witness was Ross' wife who he alleges would have placed him at another place when the aggravated robbery attempt occurred. We would be more than slightly perplexed by counsel's failure to check out this alibi if it were shown that this was probative. This testimony, of course, would not have been merely cumulative and its absence clearly prejudicial to the defendant. *See Barnard v. Henderson,* 514 F.2d 744 (5th Cir.1975). We point out, however, that there is no basis existing anywhere in the record—save Ross' statement in his *pro se* brief—which supports his assertion as to what his wife would have testified to. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.[2]

2. A failure to hold an evidentiary hearing in both the state and federal courts on this contention alone does not constitute a constitutional unfairness. We think that any questions that may arise are easily answerable. Ross raised this issue on direct appeal and the state court found it wanting for merit because unsupported by the record. Moreover, the necessity of an evidentiary hearing on this issue was an initial decision abiding within the sound discretion of the state convicting court. *Compare Tijerina v. Estelle,* 692 F.2d 3, 6 n. 2 (5th Cir.1982), which says

Tijerina contends that he was not afforded a full and fair hearing by the state court since his state writ of habeas corpus application was denied without a hearing. However, the need for an evidentiary hearing was a decision to be made by the state convicting court in the exercise of its sound discretion. *See* Tex.Code Crim.Pro. art. 11.07 Sec. 2(d); *Ex Parte Young,* 418 S.W.2d 824 (Tex.Cr.App. 1967). Additionally, an allegation that the

state district court abused its discretion in not holding an evidentiary hearing would not appear to implicate constitutional protections. It is well settled that the sole function of the writ of habeas corpus is "to grant relief from unlawful imprisonment or custody...." *Pierre v. U.S.,* 525 F.2d 933 (5th Cir.1976).

More consideration than was given this contention on direct appeal by the state court is not mandated by the Constitution.

Furthermore, bare, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing. Thus, a district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged evidentiary hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record. It must be remembered, that the foremost function of the Great Writ is to "grant relief from unlawful

*Woodard v. Beto,* 447 F.2d 103 (5th Cir.), *cert. denied,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971). We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting cases).

 Finally, Ross pleads ineffective assistance because his lawyer failed to object to the victim first testifying outside of the jury's presence. We have reviewed this contention and find it quite meritless. The record indicates that Ross' trial counsel objected to the victim's in court identification of Ross as her assailant in the presence of the jury. Counsel argued that an in court identification of Ross would be tainted and thus clearly prejudicial. The trial court then conducted an evidentiary hearing out of the presence of the jury in which Ross was identified by the victim as her assailant. This was repeated in the jury's presence. Far from being ineffective, counsel, by insisting that an in court, before the jury identification of Ross would be tainted, displayed conscientiousness and should not now be a sitting duck for Ross' meritless claim of ineffective assistance while seeking collateral relief from his conviction.

Countless times we have indicated that competency and adequacy are all that the Constitution commands of trial counsel. Counsel is not required to be errorless in his work, though surely that is a worthy goal. Effective assistance of counsel means "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and *rendering* reasonably effective assistance." *Boyd v. Estelle,* 661 F.2d 388 (5th Cir.1981) (*quoting MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir. 1969), *adopted in pertinent part on rehearing en banc,* 289 F.2d 928 (5th Cir.) *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961)); *Washington v. Watkins,* 655 F.2d 1346, 1355 (5th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982); *United States v. Burroughs,* 650 F.2d 595, 598 (5th Cir.1981); *Ogle v. Estelle,*

641 F.2d 1122, 1128 (5th Cir.1981); *Hill v. Wainwright,* 617 F.2d 375, 380 (5th Cir. 1980); *Wilkerson v. United States,* 591 F.2d 1046, 1047 (5th Cir.1979); *Franklin v. United States,* 589 F.2d 192, 194 (5th Cir.), *cert. denied,* 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979); *Jones v. Estelle,* 584 F.2d 687, 690 (5th Cir.1979); *Carbo v. United States,* 581 F.2d 91, 92 (5th Cir.1978); *United States v. Alvarez,* 580 F.2d 1251, 1254 (5th Cir.1978).

What we have said today in denying Ross' relief on habeas review is not novel. We have traversed no new ground. It is old hat. Accordingly, we do not find error in the lower court's denial of habeas relief.

AFFIRMED.

imprisonment or custody...." *Pierre v. United States,* 525 F.2d 933 (5th Cir.1976).