**Donny Joel HARVEY, Appellant**

v.

**STATE of Texas, Appellee.**

**No. B14–83–185CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 19, 1984.

Michael Phillips, Angleton, for appellant.

Jim Mapel, Angleton, for appellee.

Before PAUL PRESSLER, ROBERTSON, and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This appeal arises from a felony conviction for escape. Appellant pled not guilty; after the jury was unable to reach a verdict on guilt or innocence, appellant waived a jury trial and the case was placed before the trial court. The trial judge found appellant guilty and assessed punishment at four years confinement. Appellant brings five grounds of error. The first four concern the trial court's failure to subpoena certain witnesses for the defense; the fifth ground asserts error in the "limitations placed on appellant's investigation by the trial court." We affirm.

Appellant escaped from the Texas Department of Corrections, Ramsey Unit I on February 19, 1981. He was arrested three days later in Travis County. Appellant's trial counsel filed an application for subpoena of witnesses which included the names of over 100 persons whose testimony was allegedly needed to prove the defense of necessity. At a hearing, appellant was called to establish the necessity of these witnesses to his case. The trial court granted appellant's application as to nineteen of the witnesses. Of these nineteen, nine were inmates who witnessed alleged threats and assaults. At trial appellant chose to call only two of the nine. Jack Kirby and Glen Anders were two of the nine inmates subpoenaed.

In grounds of error one through four, appellant asserts error in the trial court's refusal to subpoena four inmate witnesses: Angel, Waller, Villapando and Cummings. The transcript of the hearing shows that when appellant was questioned as to what these individuals would testify, he agreed that their testimony would be similar to and for the same purposes and reasons as inmates who were already to be subpoenaed.

A: Harvey D. Angel?

A: Yes, sir. Mr. Angel will testify to assaults, brutality perpetrated by guards, specifically, Captain E.D. Caranza, against myself, fellow inmates on the Ramsey I Unit.

Q: So, his testimony would be similar to Mr. Kirby's?

A: Yes, sir.

Q: And for the same purpose and reason as Mr. Kirby's testimony. Is that right?

A: Yes, sir.

. . . .

Q: David R. Waller?

A: He will testify as to brutality and assaults perpetrated against myself and fellow inmates at Ramsey I Unit, both prior to and after the escape.

Q: That would be for the same reasons that you wanted Mr. Kirby and Mr. Anders. Is that correct?

A: Yes, sir.

. . . .

Q: Daniel R. Villapando; do you know him?

A: Yes, sir, I do.

Q: Would you ask to call him—what is he going to testify to?

A: As to assaults and brutality perpetrated on Ramsey I Unit.

. . . .

Q: Be for the same reasons enunciated on Mr. Kirby and Anders?

A: Yes, sir

. . . .

Q: James Cummings; do you know him?

A: Yes, sir, I do.

Q: What's the purpose of calling him?

A: As to the brutality, assaults on the Ramsey I Unit?

. . . .

Q: And for the same reasons enunciated on Mr. Kirby and Mr. Anders?

A: Yes, sir.

In determining whether the trial court erred in refusing to subpoena the above four witness, we must consider Article 24.-13 of the Texas Code of Criminal Procedure. In pertinent part it provides:

All persons who have been or may be convicted in this State, and who are confined in an institution operated by the Texas Department of Corrections or in any jail in this State, shall be permitted to testify in any court for the State and the defendant when the presiding judge finds, after hearing, that the ends of justice require their attendance, and directs that an attachment issue to accomplish the purpose, notwithstanding any other provision of this code ...

Furthermore, the Sixth Amendment of the United States Constitution must be weighed as well. We believe *Ross v. Estelle*, 694 F.2d 1008 (5th Cir.1983) to be helpful in this regard.

We do not mean to suggest that a trial court is free to disregard the clear command of the Sixth Amendment regarding compulsory process. A criminal defendant, especially if he is indigent, must be given an opportunity to put on a competent and vigorous defense when he is on trial for his life and liberty. We hold only that a defendant is not entitled to an unlimited number of witnesses to testify on his behalf lest our criminal justice system grind to a complete halt. He is entitled to have compulsory process served on only as many witnesses as will assist him on receiving a fair trial under the circumstances of his case. And he must demonstrate to the Court that there is "some colorable need for the witness to be summoned." *The need for this simple and common sense requirement should be obvious to all. Were it otherwise, frivolous and annoying requests would make trial endless and unduly burdensome on the court and all officers thereof.*

(Id. at 1011; emphasis added.)

In the case before us appellant wanted to present some 43 witnesses, who the record indicates would have testified to essentially the same thing. The trial court conducted a hearing and allowed nine of those sought to be subpoenaed. Appellant chose to call only two of these to testify. There was no error in the trial court's ruling. Grounds of error one, two, three and four are overruled.

Appellant's fifth ground of error asserts "the limitations placed on appellant's investigation by the trial court constituted an abuse of discretion." We do not believe this contention is before us for review. On January 13, 1983 the trial judge signed the "Order Limiting Investigation." Not only was there no objection to the order, but it appears that trial counsel for appellant prepared the order on his own stationary. This ground of error is overruled.

In addition to the brief filed by counsel for appellant, appellant has filed a "pro se supplemental brief" and an "amendment to appellant's pro se supplemental brief." There is no right to hybrid representation in Texas. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981). Appellant's pro se supplemental brief and amendment thereto present nothing for review. We have however, read the contentions asserted therein and have found no error that need be considered in the interest of jus-

tice. The fifth ground of error is overruled.

The judgment is affirmed.