15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Howard Dennis WHITE, Petitioner-Appellant,
v.
James ROWLAND, Director, Respondent-Appellee.
 No. 91-56400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided Jan. 11, 1994.
 
 1
 Before: GOODWIN, HALL, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Howard Dennis White was found guilty, following a jury trial in Los Angeles County Superior Court, of sodomy in violation of Sec. 286(c) of the California Penal Code; oral copulation in violation of California Penal Code Sec. 288a(c); and assault and/or battery. White was sentenced to 13 years incarceration. The California Court of Appeal affirmed the judgment and the California Supreme Court denied White's petition for review. White then filed a petition for a writ of habeas corpus in the United States District Court for the Central District of California. The petition was denied. White now appeals.
 
 I. Sufficiency of the Evidence
 
 4
 White's first claim is that there was insufficient evidence to support his convictions in California state court. In evaluating whether sufficient evidence was presented to sustain White's convictions, we must determine whether, on viewing all the evidence in the light most favorable to the government, any rational trier of fact could have found beyond a reasonable doubt the elements of the crimes for which Howard White was convicted. United States v. Power, 881 F.2d 733, 737 (9th Cir.1989). In making this determination, we
 
 
 5
 must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.
 
 
 6
 United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). We have held that the testimony of the victim alone is sufficient to support a conviction for sexual assault. Gilpin v. McCormick, 921 F.2d 928, 932 (9th Cir.1990).
 
 
 7
 At trial, Tiffany P. testified that White asked her over to his house to discuss her relationship with his teenage son, and that she stayed at his residence late into the night because White claimed that his girlfriend, Rachel, was too sick to drive Tiffany home. Tiffany testified that White forced her that night to engage in a variety of sexual acts, including intercourse, sodomy, and oral copulation of himself, and oral copulation of Rachel. According to Tiffany, White wrapped her braids around the back of his hand and forced her face between the legs of Rachel, and then proceeded to have anal sex with Tiffany against her will. Tiffany further testified that White later verbally threatened to "knock her out" if she did not "do it right"--that is, perform oral copulation to his liking--and that he again took hold of her braids in order to force her mouth to his penis.
 
 
 8
 In view of Tiffany's testimony, we cannot say that there was insufficient evidence to support White's convictions.
 
 II. The Jury Instructions
 
 9
 White next claims that the trial court's failure to instruct the jury on unanimity violated due process. In order to support a collateral attack on a state court jury instruction, White must show more than the fact that the jury instruction was "undesirable, erroneous, or even 'universally condemned.' " Henderson v. Kibbe, 431 U.S. 145, 154 (1975); see also Hendricks v. Vasquez, 974 F.2d 1099, 1106-1107 (9th Cir.1992). White must show that the improper instruction "by itself so infected the entire trial that the resulting conviction violates due process." Id. We will not grant relief "simply because the [jury] instruction may have been deficient in comparison to the CALJIC [California Jury Instructions, Criminal] model." Estell v. McGuire, 11 S.Ct. 475, 482 (1991).
 
 
 10
 Here, the jury was instructed that all twelve jurors must agree to the decision. See CALJIC No. 17.50. White contends that the trial court erred in not also instructing the jury on unanimity. See CALJIC 17.01. However, such an instruction is only required under state law where the accusatory pleading charges a single act, the evidence shows more than one unlawful act which could constitute that offense, and the prosecution fails to elect the particular act constituting the offense. People v. Deletto, 147 Cal.App.3d 458, 471 (Cal.Ct.App.1983), cert. denied, 466 U.S. 952 (1984). In addition, the prohibited conduct with which White was charged also falls under the state law "continuous course of conduct" exception to the unanimity instruction requirement. See People v. Diedrich, 31 Cal.3d 263, 282 (1982).
 
 III. Ineffective Assistance of Counsel
 
 11
 White claims that he was denied effective assistance of counsel. Specifically, White points to the fact that his counsel failed to object to the prosecutor's comments regarding (1) the absence of defense evidence; (2) characterization of White as a "monster" during closing argument; and (3) the allegation that White was attempting to "settle" the case from jail. As further evidence of inadequate representation, White contends that his counsel failed to object to a comment by a government witness during cross-examination that White had "done this kind of thing before," and also that his counsel failed to request a unanimity instruction.
 
 
 12
 To prevail on his various ineffective assistance of counsel claims, White must show: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-696 (1984). White has failed to show either that his counsel was deficient or that he was prejudiced.
 
 
 13
 The comments made by the prosecution were not improper in the context of White's trial. See United States v. Castillo, 866 F.2d 1071, 1083-1084 (9th Cir.1988); United States v. Taxe, 540 F.2d 961, 967-968 (9th Cir.1976), cert. denied, 429 U.S. 1040 (1977). Defense counsel's failure to object to certain statements made by government witnesses that painted appellant in a bad light is a question of strategy that does not rise to the level of ineffective assistance. Counsel simply may have not wanted to draw the jury's attention to those negative statements. Furthermore, counsel's failure to object to the lack of a unanimity instruction was not prejudicial to the defense.
 
 
 14
 Finally, White's claims of incompetency of appellate counsel are conclusory and meritless. Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir.1983); Jones v. Barnes, 463 U.S. 745, 751 (1983).
 
 IV. Admission of Prior Conviction
 
 15
 White argues that the trial court's ruling allowing the admission of a prior felony conviction for the possession of cocaine as impeachment evidence constituted a due process violation. However, the admission of this evidence was at the discretion of the trial court under state law. Nothing in the record indicates that the trial court abused its discretion or that White's due process rights were violated thereby. See Hendricks v. Vasquez, 974 F.2d 1099, 1105-1106 (9th Cir.1992) (citing Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) for proposition that federal habeas will not lie for errors of state law).
 
 V. Sentencing
 
 16
 White's final contention is that he was deprived of due process on a motion for a new trial and during the sentencing process. Specifically, White claims that he was denied the assistance of advisory counsel and investigators necessary for the preparation of his case, as well as continuances that he requested of the court. We will not grant relief for irregularities in state trial procedure that do not rise to the level of a violation of the appellant's due process rights. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Nothing in the record indicates that White was deprived of his constitutional rights either during his trial or the sentencing stage.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3