UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50373
Summary Calendar
_____


Robert Lee Jones,

                                    Petitioner-Appellee,

                        versus

Wayne Scott, Director, Texas Department of Criminal Justice,
Institutional Division,

                                    Respondent-Appellant.


_____

Appeal from the United States District Court for the
Western District of Texas
(SA-94-CV-333)
_____

November 16, 1995


Before KING, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]


        Petitioner-appellee Robert Jones ("Jones"), a Texas prisoner,

properly exhausted in Texas state courts his state habeas claim

_____

        [*] Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

that he had been denied the right to an appeal. The state district court denied relief without making any findings. The Texas Court of Criminal Appeals similarly denied relief. Jones then filed an application for federal habeas relief pursuant to 28 U.S.C. § 2241. The federal district court granted the petition. Respondent-appellant Wayne Scott ("Respondent") appeals from the district court's judgment granting Jones habeas relief and ordering that he be released from prison if not granted an out-of-time appeal within sixty days. We will affirm.

BACKGROUND

Jones was convicted of forgery by passing on May 20, 1988, and was sentenced to a term of five years probation. On July 13, 1992, the state sought to revoke, alleging that Jones had violated the terms of his probation as a result of his indictment on November 19, 1991 for aggravated assault and his failure to report to his assigned probation officer. Thomas Morris was appointed to represent Jones at a November 10, 1992 hearing on the motion to revoke. Jones stipulated that the allegation of an aggravated assault indictment was true. After several continuances, the trial court revoked Jones's probation on April 7, 1993, and sentenced him to a five-year term of imprisonment.

Jones did not file a direct appeal. Jones filed an unsuccessful "motion to set aside judgment" in the trial court and then sought state habeas relief, alleging that he had been denied the right to appeal. The trial court denied the petition without

2

entering findings and the Texas Court of Criminal Appeals subsequently denied the petition without a written order.

Jones then filed an application for writ of federal habeas corpus, alleging that his attorney abandoned him after his probation was revoked and failed to advise him of his right to appeal or to file an appeal on his behalf. Jones also asserted that the state trial court had failed to advise him of his right to appeal. Respondent answered the petition, arguing that under Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1995), Jones had no right to appeal the revocation of probation. The magistrate judge rejected Respondent's argument because section 5(b) applies only to defendants who have received a deferred adjudication. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a), (b) (West Supp. 1995). Because Jones was convicted and sentenced to a term of probation, the magistrate judge concluded he had a right to appeal the revocation. See id. § 23(b). Because Respondent offered no evidence to controvert Jones's allegations that neither the trial court nor his attorney informed him of his right to appeal and that his attorney failed to appeal despite Jones's request that he do so, the magistrate judge recommended that the district court grant Jones's petition and order him released if Respondent did not grant an out-of-time appeal within sixty days.

The district court found that Jones's sworn statement that he had asked counsel to appeal and counsel had failed to do so was based on personal knowledge and that Respondent failed to controvert Jones's allegation. The district court accepted the

3

magistrate judge's recommendation.[1] We granted Respondent's motion to stay execution of the writ pending appeal.

## DISCUSSION

### A. *Sufficiency of Jones's Sworn Statement*

Respondent initially asserts that the district court erred in determining that Jones's sworn statement that he was denied his right to appeal was sufficient to support the grant of habeas relief. Respondent argues that Jones's conclusory allegation cannot support habeas relief. See Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). The district court concluded that Jones's sworn statement was not conclusory because it was based upon Jones's own personal knowledge, not merely speculation. In Ross, the petitioner asserted that his counsel was ineffective because a key alibi witness was never investigated or interviewed. Id. The petitioner alleged in his *pro se* brief that the witness would have placed him at another place when the crime occurred; the court found that no evidence in the record supported this assertion. Id.

Clearly, Ross involved a petitioner who asserted matters about which he had no personal knowledge, *i.e.*, what a witness's testimony would have shown. In contrast, Jones's sworn testimony was based on personal knowledgeSQhe requested that counsel file an appeal, which counsel failed to do. Jones made more than a conclusory allegation, and the district court did not err in

---

[1] The district court found that it would be more appropriate for the state courts to conduct a substantive review of the state court revocation proceeding.

4

finding that Respondent bore the burden to come forward with controverting evidence.  See Koch v. Puckett, 907 F.2d 524, 529-30 (5th Cir. 1990) (concluding petitioner's allegations were conclusory and insufficient to support habeas relief on the basis of an alleged collusive agreement between sheriff and petitioner's attorney because petitioner alleged neither personal knowledge of a collusive agreement nor specific or concrete sources of the information).

*B. Presumption of Correctness under § 2254(d)*

Respondent also contends that the district court erred in failing to presume correct the implicit credibility choice made by the state court judge in denying Jones's habeas petition.  Under 28 U.S.C. § 2254(d), a state court's findings of fact made after a hearing on the merits are presumed to be correct unless one of eight exceptions applies.  See Williams v. Collins, 16 F.3d 626, 631 (5th Cir.), cert. denied, __ U.S. __, 115 S. Ct. 42 (1994).  A determination of ineffective assistance of counsel is a mixed question of law and fact and, thus, is not accorded the presumption of correctness.  Black v. Collins, 962 F.2d 394, 401 (5th Cir.), cert. denied, 504 U.S. 992 (1992).  "However, any subsidiary factual findings made by a state court in the course of determining that effective assistance was rendered is entitled to the § 2254(d) presumption."  Id.

The presumption of correctness is not applicable in the instant cause because no state court has ever made factual findings

with regard to Jones's allegation that he was not informed of his right to appeal.  Under section 2254(d), a determination evidenced by "a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct."  Both the state district court and the Court of Criminal Appeals denied Jones's petition without any findings.

Respondent nevertheless asserts that the state courts implicitly found Jones's sworn testimony not credible and that this court must give deference to that implicit determination.  The cases Respondent cites, however, involve situations where a full evidentiary hearing on the merits was held and the state court entered some factual findings.  See Self v. Collins, 973 F.2d 1198, 1213-14 (5th Cir. 1992), cert. denied, __ U.S. __, 113 S. Ct. 1613 (1993); Lavernia v. Lynaugh, 845 F.2d 493, 499-500 (5th Cir. 1988); see also Armstead v. Maggio, 720 F.2d 894, 896 (5th Cir. 1983) (concluding presumption applicable despite the absence of written findings where there had been a full evidentiary hearing and findings were inferrable from the written judgment).  In the instant cause, no state court ever held an evidentiary hearing or made any factual findings regarding Jones's allegations.

By its very terms, section 2254(d) clearly does not envision that the presumption will be afforded under the circumstances of the present case.  28 U.S.C. § 2254(d)(1), (2), (8).[2]  Because

_____

[2] Respondent also alleged that Jones was informed of his right to appeal by the boilerplate language in the written judgment revoking probation, which stated that Jones "was duly admonished according to law."  This allegation is directly refuted by the transcript of the revocation hearing, which

Jones had a right to appeal the revocation of his probation, this Court presumes Jones suffered prejudice if he was unable to appeal because of counsel's ineffective performance. United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993). We therefore conclude that the district court did not err in granting Jones's habeas petition.

AFFIRMED.

---

clearly establishes that Jones was not informed of his right to appeal by the district court. Although Respondent suggests that correspondence between Jones and his attorney indicates that counsel informed Jones of his right to appeal, we need not consider this contention because Respondent failed to raise the issue in district court, and he presented it to this court for the first time in his reply brief. See National Labor Relations Bd. v. Cal-Maine Farms, Inc., 998 F.2d 1336, 1342 (5th Cir. 1993). In any event, the letters do not refute Jones's unchallenged assertion that he requested counsel to appeal.