

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00135-CR

EX PARTE TERENCE DANTA
LAVINE

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
TRIAL COURT NO. CR-2011-08330-A

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Terence Danta Lavine appeals the trial court's denial of his post-conviction application for writ of habeas corpus. We will affirm.

### II. BACKGROUND

A jury convicted Lavine of misdemeanor assault-family violence involving his girlfriend and assessed his punishment at 365 days' confinement. *Lavine v. State*, No. 02-12-00452-CR, 2014 WL 345684, at *1 (Tex. App.—Fort Worth

---

[1]*See* Tex. R. App. P. 47.4.

Jan. 30, 2014, no. pet.) (mem. op., not designated for publication). Lavine appealed to this court, asserting that the trial court abused its discretion by allowing the State to introduce three photographs depicting a broken clock that police found in the couple's kitchen and by allowing a probation officer to testify that Lavine, due to anger issues, was not a suitable candidate for probation when no evidence was introduced regarding the officer's training, qualifications, or experience to give an expert opinion. *Id.* In affirming the trial court's judgment, this court held that Lavine had failed to preserve either of these issues for our review. *Id.*

Lavine later filed two pro se, 11.09, post-conviction applications for writ of habeas corpus in the trial court. *See* Tex. Code Crim. Proc. Ann. art. 11.09 (West 2015) (providing a person confined on a misdemeanor charge may apply for a writ of habeas corpus). In his first writ, Lavine argued that he received ineffective assistance of counsel at trial. Specifically, Lavine argued that his trial counsel failed to file any pretrial motions or challenges to the charging instrument; that counsel failed to object to the above-mentioned officer's testimony; that counsel failed to object to the admittance of the photographs of the broken clock; and that counsel violated the Texas Disciplinary Rules of Professional Conduct. The trial court denied Lavine's application.

In its order denying the first application, the trial court concluded that Lavine had failed to allege any specific defects in the charging instrument that should have been raised by counsel; that Lavine had failed to allege any basis

2

for any pretrial motions or applicable defenses; that Lavine had failed to allege any basis that counsel's performance was deficient by not objecting to the officer's testimony or the admittance of the complained-of photographs; and that Lavine had not specified how counsel allegedly violated the disciplinary rules.

The trial court further concluded that in addition to the photographs and the complained-of testimony, the contents of which evinced that Lavine has anger issues, "much more compelling evidence was admitted to support the State's theory that [Lavine] had an anger problem." Specifically, the trial court cited to record evidence that the complainant in this case testified that she feared for her life because of Lavine's words and actions; that Lavine had previously slapped, pushed, and punched her prior to the instant offense; and that Lavine had threatened to have her killed.

Later, Lavine filed his second 11.09 application for writ of habeas corpus, the denial of which Lavine now appeals. In his second writ, Lavine again argued that he received ineffective assistance of counsel. He also argued that the State had violated *Brady v. Maryland* by not disclosing to him "evidence of [his] successful completion" of the Batterer's Intervention and Prevention Program. 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963). Regarding his ineffective assistance of counsel claim, Lavine's arguments are nearly identical to those found in his first application except that instead of specifically arguing that his trial counsel had failed to object to the admittance of the three pictures of the broken clock, Lavine argued generally that "photographs should have been objected

3

to . . . through pre-trial motions." The record indicates that the State introduced twenty-two photographs—some of which depict the condition of the couple's apartment taken when police investigated this offense, and other photographs of the complainant taken shortly after she went to the police regarding this offense.

In its denial of Lavine's second application, the trial court found that much of Lavine's second application included "several grounds that were addressed in his previous 11.09 application." Additionally, the trial court found that Lavine would have been aware that he had completed the Batterer's Intervention and Prevention Program, and the trial court concluded that Lavine's completion of the program would not fall under the requirements of *Brady*. The trial court also found that Lavine had not specified which photographs that Lavine was complaining of and thus concluded that Lavine's ground regarding "photographs" be denied because "his vague claim does not satisfy his burden of proof." *See Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002) ("To prevail upon a post-conviction writ of habeas corpus, applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief."). Moreover, the trial court concluded that "[b]ecause of the amount of compelling evidence pointing to [Lavine's] guilt, [Lavine] was not prejudiced by any alleged error by his counsel." This appeal followed.

### III. STANDARD OF REVIEW

We generally review a trial court's decision on a post-conviction application for habeas corpus under an abuse-of-discretion standard. *See Ex parte Garcia*,

4

353 S.W.3d 785, 787 (Tex. Crim. App. 2011). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d at 870. We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert denied*, 549 U.S. 1052 (2006). This deferential review applies even when the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's findings in habeas proceedings, particularly when those findings are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

## IV. DISCUSSION

### A. Lavine's *Brady* Claim

In part of his application, Lavine argued that the State violated *Brady* rules by not disclosing to him "evidence of [his] successful completion" of the Batterer's Intervention and Prevention Program. Lavine provided no evidence of this bare assertion. In its response, however, the State provided record evidence to the trial court that it was Lavine's counsel who informed the State that Lavine had completed the program.

For purpose of a *Brady* claim, a habeas applicant must initially show that the State failed to disclose evidence which had been known to the prosecution

5

but unknown to the defense.  *Ex parte Miles*, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012) (*citing United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397 (1976)).

Viewing the record evidence in the light most favorable to the trial court's ruling, we hold that Lavine failed to establish by a preponderance of the evidence that the State was aware of Lavine's completion of the Batterer's Intervention and Prevention Program but that he was not.  *See Ex parte Miles*, 359 S.W.3d at 665. Thus, the trial court did not abuse its discretion by denying Lavine's application regarding his *Brady* claim.

## B.  Assistance of Counsel

To establish ineffective assistance of counsel, Lavine must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable

representation.  *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial.  466 U.S. at 687, 104 S. Ct. at 2064.  In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694, 104 S. Ct. at 2068.

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness.  *Id.* at 700, 104 S. Ct. at 2071.

Here, as the trial court found and concluded, the majority of Lavine's claims in his applications that he received ineffective assistance at trial are bare assertions without any evidence or explanation as to how or why these assertions rendered his trial counsel ineffective, including his unsupported claims that his trial counsel violated the disciplinary rules, failed to attack the charging instrument, or failed to file any pretrial motions.  *Ex parte Richardson*, 70 S.W.3d at 870; *see Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").  We therefore conclude that the trial court did not abuse its discretion by denying Lavine's application based on these claims.

The only claims that Lavine makes that have any reference to the record evidence would be his claims that certain testimony should have been objected to and that "photographs" should not have been admitted without objection. But as the trial court concluded, even assuming these alleged errors constituted ineffective assistance of counsel, Lavine has failed to demonstrate how, but for these alleged deficiencies in counsel's performance, the outcome of his jury trial would have been different. *Davis*, 278 S.W.3d at 352.

Indeed, as the trial court concluded, the jury heard other, much more compelling evidence than the complained-of evidence. Specifically, the complainant testified that during the last months that she was in a relationship with Lavine, he would become physically violent and that she feared for her life and wanted to end the relationship. The complainant also testified that before the instant offense, Lavine had previously slapped her, pushed her, and punched her. The record evidence also indicates that once while complainant was away from the apartment, Lavine left threatening voice messages.

The complainant also testified that Lavine was angry with her when she returned to the apartment on the night of the instant offense and that Lavine followed her into the restroom and accused her of cheating on him. Lavine then slapped her in the face and told her to tell him what she had been doing while away. When the complainant retreated to her bedroom, Lavine then pushed her onto the bed, got on top of her, and put his hands around her throat while he asked her questions about where and with whom she had been. According to

8

complainant's testimony, Lavine then told her that she did not know who she was "messing with" and that he would kill her and no one would ever know.

Later, Lavine forced his way inside the apartment after being locked out and the complaint ran outside to seek assistance, but Lavine grabbed her, with one hand under her arm and another grabbing her hair, and pulled her back upstairs and into the apartment. Lavine then forced the victim into the bedroom and told her that he was not going to go to sleep and that if she did anything "slick," he would have someone kill her.

Viewing this evidence in the light most favorable to the trial court's ruling that Lavine failed to demonstrate by a preponderance of the evidence how, but for counsel's alleged unprofessional errors in not objecting to the complained-of evidence, there is a reasonable probability that the result of his trial would have been different, we conclude that the trial court did not abuse its discretion by denying Lavine's application. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Ex parte Garcia*, 353 S.W.3d at 787.

## V. CONCLUSION

We affirm the trial court's denial of Lavine's post-conviction application for writ of habeas corpus.

/s/ Bill Meier
BILL MEIER
JUSTICE

9

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 16, 2016