# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-40377
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2019

Lyle W. Cayce
Clerk

ISAAC KELVIN ALLEN,

Petitioner-Appellant,

v.

JOHN FOX, Warden,

Respondent-Appellee.

—————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-296

—————

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Isaac Kelvin Allen, federal prisoner # 49476-018, appeals the denial of his 28 U.S.C. § 2241 habeas petition challenging his disciplinary conviction for the use of e-mail to further criminal activity. The incident report alleged that Allen and another inmate possessed identifying information of individuals with the intent to commit financial fraud. Allen also has filed two motions for

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

judicial notice in which he asks this court to take notice of discrepancies in prison records.

Because Allen challenges the loss of good-time credits, he properly sought relief pursuant to § 2241. *See, e.g.*, *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). In an appeal from the denial of a § 2241 petition, this court reviews the district court's factual findings for clear error and its conclusions of law de novo. *Id.*

Although Allen argues that the district court violated his due process rights by not ruling on the respondent's motion to dismiss and motion for summary judgment in a timely manner, he offers only a conclusory allegation of harm resulting from the alleged delayed consideration of the motions. Therefore, Allen has not shown any error by the district court. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). He also contends that the district court conducted an insufficient analysis of the evidence because it did not acknowledge that there were competing affidavits from him and the discipline hearing officer. Allen argues that an evidentiary hearing was necessary to address these competing affidavits. Allen fails to point to specific facts in the competing declarations that warranted an evidentiary hearing. *See United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994). He therefore has shown no error by the district court in not holding an evidentiary hearing on his § 2241 petition. *See id.*

Explaining that he filed motions identifying incomplete and falsified documents, Allen contends that the district court ignored these motions in its order and judgment. He also alleges that varying explanations as to why prison officials ordered a rehearing in his disciplinary case hampered his ability to prove he was entitled to habeas relief. Allen did not raise his challenge to the reasons for rehearing in the district court and, thus, we will

No. 18-40377

not consider the claim.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).
In regard to his claim that the district court ignored certain motions and facts,
the record establishes that the magistrate judge and district court fully
addressed Allen's claims, including his claims regarding the lack of notification
of rehearing.  Allen has shown no error by the district court in its consideration
of the record.  *See Henson*, 213 F.3d at 898.

Allen argues that prison officials did not provide adequate notice of the
rehearing or notice of the charged offense before and during the rehearing, as
required by *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1977).   However,
*McDonnell* does not require notice of a hearing or notice of a charge during a
hearing but rather notice of the charges at least 24 hours prior to a disciplinary
hearing.  *See id.*  Allen correctly argues that this court has not addressed
whether *McDonnell* also requires that a prisoner receive notice of the charges
at least 24 hours prior to a disciplinary rehearing.  We need not address that
issue, however, as Allen has not shown that the alleged violation had an
injurious effect on the outcome of the disciplinary hearing given the substantial
evidence of his guilt.  *See Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir.
1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

In addition, Allen challenges the district court's conclusion that the
discipline hearing officer did not violate his due process rights by denying Allen
the right to call a witness at the initial hearing.  He also alleges that the
hearing officer falsely stated that Allen did not request any witnesses at the
rehearing.  Even if we assumed that Allen in fact requested a witness to testify
at the rehearing and that the hearing officer erred in not allowing a witness to
testify at both hearings, Allen cannot show prejudice  because he admitted that
he  engaged in, or intended to engage in, a fraudulent financial scheme.  *See
McDonnell*, 418 U.S. at 563-70; *Hallmark*, 118 F.3d at 1080.

No. 18-40377

Allen also argues that the discipline hearing officer violated his due process rights by not providing him advance notice that she would rely upon an e-mail by a fellow inmate as evidence. Allen only raised this claim in his reply brief after the respondent had filed his answer and did not argue the issue in his objections to the magistrate judge's report and recommendation. We will not consider a claim raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Finally, Allen argues that the district court erred when it concluded that he could not challenge withdrawals from his inmate trust account in a § 2241 petition. However, Allen's argument addressed the validity of his federal sentence and restitution order rather than its execution. Therefore, his claim is not cognizable under § 2241, and the district court did not err in its legal conclusion. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000); *Henson*, 213 F.3d at 898.

The judgment of the district court is AFFIRMED. The motions for judicial notice are DENIED.

4