# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2019

Lyle W. Cayce
Clerk

No. 17-20040

ADEDJI O. ADEKEYE,

       Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

       Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

DON R. WILLETT, Circuit Judge:

In this federal habeas action, Adedji Adekeye claims his Sixth Amendment right to effective assistance of counsel was violated because his trial attorney failed to conduct a sufficient pretrial investigation. But Adekeye fails to allege what a sufficient investigation would have uncovered or how it would have changed his trial outcome. As Adekeye cannot show prejudice, he cannot show that the state habeas court unreasonably applied *Strickland v. Washington*[1] or other clearly established federal law. The district court was correct to deny habeas relief, and we AFFIRM.

---

[1] 466 U.S. 668 (1984).

No. 17-20040

I

Police arrested Adekeye in 2012 in Houston. The complaining witness, Nora Mendez, had a hair salon storefront in a shopping center. One day Mendez saw a woman walk slowly by the salon wearing a wig. A few minutes later, Mendez saw the woman sitting inside a Ford Explorer parked in front of the salon. Two men were also inside. Through the salon and Explorer windows, Mendez saw one of the men put something on his head, put on gloves, and hold up a pistol. Mendez called 911 and locked the salon's door. While waiting for the police, Mendez saw the man with the gun open the car door and begin to get out. But he stayed in the Explorer, apparently because another person was passing by. The man repeated this a second time but never fully exited the Explorer.

The Explorer drove away. Responding to the 911 call, the police intercepted the Explorer, turned on their lights, and ordered the driver to pull over. The driver sped away. At one point the Explorer slowed down, and two men jumped out and ran away. The police chased them on foot. Along the way, the police found a discarded mask, two pairs of gloves, and a gun. Bystanders directed the police to two parked dump trucks. Inside one of the dump trucks the police found Adekeye.

Meanwhile, the police also caught the Explorer. Mendez identified its driver as the woman she saw walking by her salon. And she identified Adekeye as the passenger who held the gun and tried to exit the Explorer. The police never caught the third passenger.

The state charged Adekeye with two offenses in separate indictments. In Cause No. 1349025, the state charged him with attempted aggravated robbery and applied a sentencing enhancement for a prior felony conviction. In Cause

2

No. 17-20040

No. 1349026, the state charged him with being a felon in possession of a firearm. These charges went forward in a single case.

Before trial, Adekeye had to obtain counsel and enter his plea. The court initially appointed counsel for Adekeye. But about a month later Adekeye moved to substitute his appointed counsel with retained counsel, Omotayo Lawal. In plea negotiations, the state offered Adekeye a ten-year sentence in exchange for a guilty plea. Lawal advised Adekeye that the state did not have a strong case. And, according to Adekeye, Lawal incorrectly said ten years was the maximum sentence for this offense. Adekeye rejected the plea deal.

In preparation for trial, Lawal reviewed the prosecution's case file, made notes, and filed a discovery motion. He also hired a private investigator to help prepare the case. But the investigator never produced a report because Adekeye's family did not pay him. Lawal omitted several other means of pretrial investigation: He did not follow up his discovery motion by seeking a ruling on the record. He did not visit or photograph Mendez's salon. He did not inspect any physical evidence. He did not view Adekeye's or the Explorer driver's videotaped statements to the police. And he either interviewed none of the eyewitnesses, or interviewed only Mendez.

After a trial, the jury convicted Adekeye of both offenses. The court sentenced Adekeye to 35 years in prison. Lawal then withdrew as counsel, and the court appointed Lana Gordon to represent Adekeye going forward.

Adekeye moved for a new trial based on ineffective assistance of counsel. Among other theories, Adekeye argued that his prior counsel failed to investigate the case before trial. The state trial court held a hearing on the motion. At the hearing, Lawal admitted most of the facts that Adekeye relies on for his ineffective assistance claim. Lawal's testimony suggests he did not interview any witnesses before trial. This exchange is representative: "Q. [by

## No. 17-20040

Gordon] Did you interview any witnesses . . . ? A. [by Lawal] I did not even see the full offense report. I don't know the witnesses that they will be calling at any point."[2] Lawal also suggested Adekeye would not pay for a pretrial investigation. After the hearing, the state court denied the motion for new trial. Its explanation from the bench focused on issues unrelated to pretrial investigation.

Adekeye took a direct appeal. Texas's Fourteenth Court of Appeals affirmed his conviction.[3] As relevant here, it held that there was no prejudice from any failure of counsel's pretrial investigation. One justice dissented on unrelated grounds; he believed the evidence did not sustain Adekeye's conviction for attempted aggravated robbery.

Adekeye, now proceeding pro se, sought discretionary review from the Texas Court of Criminal Appeals. He adopted the dissenting justice's theory and advanced only one argument: The evidence was insufficient to sustain his conviction. He did not argue that counsel's pretrial investigation was deficient, or present any theory based on ineffective assistance of counsel. The court denied discretionary review.

Adekeye, still proceeding pro se, sought state habeas relief. His petition cited only Cause No. 1349025, the attempted aggravated robbery offense. Among other arguments, he contended that counsel failed to investigate the case before trial. The trial court recommended denying habeas relief. Its report adopted the state's proposed findings of fact and conclusions of law. The trial court's report rejected Adekeye's ineffective assistance arguments, finding no deficient performance or prejudice. Based on the trial court's findings, the

---

[2] But, when cross-examining Mendez at trial, Lawal had asked to see her identification, "to know whether this is the person I have [sic] a discussion earlier [sic]."

[3] *Adekeye v. State*, 437 S.W.3d 62 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

No. 17-20040

Court of Criminal Appeals denied Adekeye's state habeas petition without a hearing or further reasons.

Adekeye, still proceeding pro se, sought habeas relief in U.S. District Court. His petition again cited only Cause No. 1349025, the attempted aggravated robbery offense. He continued to argue that counsel failed to investigate the case before trial. The district court denied relief and granted the state's motion for summary judgment. It held that "Adekeye fails to allege, and the record fails to show, evidence that trial counsel's investigation and interviews would have uncovered or how that evidence would have changed the trial outcome." The district court denied a certificate of appealability (COA).

Adekeye appealed to this court. We granted a COA on "Adekeye's claim that counsel rendered ineffective assistance by failing to conduct an adequate investigation."[4] We denied a COA on all other issues.[5] We appointed counsel to assist Adekeye under the circuit's pro bono program and deeply appreciate counsel's able representation.

II

Federal habeas features an intricate procedural blend of statutory and caselaw authority.

A

For starters, our review is limited by the COA. "COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone."[6]

---

[4] Order, *Adekeye v. Davis*, No. 17-20040 (5th Cir. June 4, 2018).
[5] *Id.*
[6] *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

And when assessing a denial of habeas relief, "we review the district court's findings of fact for clear error and its conclusions of law de novo."[7]

Under the Antiterrorism and Effective Death Penalty Act of 1996, state prisoners face strict procedural requirements and a high standard of review.[8] We may not grant habeas relief to a state prisoner "unless . . . the applicant has exhausted the remedies available in the courts of the State" or state process is absent or ineffective.[9] "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."[10]

B

Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented."[11] Ineffective assistance of counsel is a "mixed question of law and fact."[12] So the "unreasonable application" part of the standard applies to reviewing the state court's decision here.[13]

Under *Strickland*, an ineffective-assistance claim has two parts. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the

---

[7] *Dorsey v. Stephens*, 720 F.3d 309, 314 (5th Cir. 2013).

[8] *See* 28 U.S.C. § 2254.

[9] *Id.* § 2254(b)(1).

[10] *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004).

[11] 28 U.S.C. § 2254(d).

[12] *Strickland*, 466 U.S. at 698.

[13] *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

defense."[14] To establish prejudice, Adekeye must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[16]

Adekeye alleges an incompetent pretrial investigation. In general, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[17] "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[18] "[A]n attorney must engage in a reasonable amount of pretrial investigation and 'at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances in the case.'"[19] One of our decisions categorically states that "counsel's failure to interview eyewitnesses to a charged crime constitutes 'constitutionally deficient representation.'"[20]

We have explained the prejudice standard in such cases this way: "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[21]

---

[14] 466 U.S. at 687.

[15] *Id.* at 694.

[16] *Id.*

[17] *Id.* at 691.

[18] *Id.*

[19] *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994) (quoting *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)).

[20] *Anderson v. Johnson*, 338 F.3d 382, 391 (5th Cir. 2003) (quoting *Bryant*, 28 F.3d at 1418).

[21] *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

No. 17-20040

C

Adekeye exhausted state-court remedies for his pretrial investigation claim. He presented this claim to the state's highest court by detailing it in his state habeas petition, which the Court of Criminal Appeals denied.[22]

III

So we turn to the merits of Adekeye's claim. And because this is habeas, not a direct appeal, our focus is narrowed. Federal habeas relief is "not a substitute for ordinary error correction through appeal."[23] The habeas hurdle is high, says the Supreme Court—"because it was meant to be."[24] We ask whether the state court's denial of relief was "so lacking in justification" as to remove "any possibility for fairminded disagreement."[25] That is, Adekeye must show that every fairminded jurist would agree there was prejudice. Applying this difficult standard, we hold that the state court did not "unreasonabl[y] appl[y]" Supreme Court precedent by deciding that any deficient pretrial investigation did not prejudice Adekeye.[26]

A

The Supreme Court standard on prejudice is sharply defined: "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[27] Adekeye must show it was "reasonably likely" the jury *would* have reached a different result, not merely that it *could*

---

[22] *See* 28 U.S.C. § 2254(b)(1)(A); *Soffar*, 368 F.3d at 465.

[23] *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011).

[24] *Id.* at 102.

[25] *Id.* at 103.

[26] 28 U.S.C. § 2254(d)(1).

[27] *Strickland*, 466 U.S. at 693.

8

No. 17-20040

have reached a different result. The Court reaffirmed this point in *Richter*: "The likelihood of a different result must be substantial, not just conceivable."[28]

## B

Now layer on top of that the habeas lens of *reasonableness*.[29] Because the state court has already adjudicated Adekeye's ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is "not only incorrect but 'objectively unreasonable.'"[30] Put differently, Adekeye must show that every reasonable jurist would conclude that it is reasonable likely that Adekeye would have fared better at trial had his counsel conducted a sufficient pretrial investigation. "It bears repeating," the Supreme Court emphasized in *Richter*, "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."[31]

Adekeye contends that if Lawal had competently investigated, "[h]e may also have uncovered damning evidence to contradict the state's affirmative case." But Adekeye does not present a single piece of evidence that could have changed the trial's outcome. He identifies a list of uninterviewed potential witnesses, but he only speculates as to what they would have testified. Our cases finding prejudice, in contrast, relied on concrete evidence that counsel should have uncovered but did not. For example, in *Soffar v. Dretke*, we found prejudice because defense counsel never contacted or interviewed a witness who had already given extensive statements tending to exculpate the defendant.[32] And in *Anderson v. Johnson*, we found prejudice because defense

---

[28] *Richter*, 562 U.S. at 112.

[29] *See Id.* at 100–01.

[30] *Maldonado v. Thaler*, 625 F.3d 229, 236 (5th Cir. 2010) (quoting *Renico v. Lett*, 559 U.S. 766, 778 (2010)).

[31] 562 U.S. at 102 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

[32] 368 F.3d at 479.

counsel never interviewed a witness who later averred that the defendant was not at the crime scene.[33] In short, Adekeye does not allege with specificity what any witness would testify to.[34] And he certainly presents no evidence of it.[35]

Adekeye also does not say exactly what Supreme Court precedent was unreasonably applied. The prejudice section of his brief cites only *Strickland* from the Supreme Court's decisions. Of course, a cite to *Strickland*, combined with similar facts to cases finding prejudice under its standard, may be sufficient. But the facts here are not similar to cases finding prejudice based on a deficient pretrial investigation. And because there was no prejudice, we need not analyze deficiency.[36] In sum, Adekeye does not identify any "clearly established Federal law, as determined by the Supreme Court of the United States" that the state court unreasonably applied.[37] He thus has failed to carry his heavy burden of showing that the court's no-prejudice finding reflects an unreasonable application of *Strickland*.

C

Adekeye's brief raises other alleged deficiencies in his counsel's performance. He contends these are within the COA because an adequate pretrial investigation must include both law and fact. But the COA order distinguished factual investigation, such as interviewing witnesses, from

---

[33] 338 F.3d at 394.

[34] *See Green*, 882 F.2d at 1003.

[35] *See Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (requiring record evidence, not "conclusory allegations," to raise ineffectiveness issue).

[36] *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

[37] 28 U.S.C. § 2254(d)(1).

No. 17-20040

Adekeye's other arguments.[38] It did not grant review of the other arguments, so we cannot reach them.[39]

*    *    *

The district court properly declined to issue a writ of habeas corpus, and we AFFIRM its judgment.

---

[38] Order, *Adekeye v. Davis*, No. 17-20040 (5th Cir. June 4, 2018).

[39] *See Lackey*, 116 F.3d at 151 ("COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone.").